UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DERRICK M. KING,            )     CASE NO. 5:07 CV 1495
                            )
        Plaintiff,          )     JUDGE JOHN R. ADAMS
                            )
   v.                       )
                            )     MEMORANDUM OF OPINION
BROWN-MACKIE COLLEGE, et al., )   AND ORDER
                            )
                            )
        Defendants.         )

Pro se plaintiff Derrick M. King filed the above-captioned in forma pauperis action alleging breach of contract, fraud and misrepresentation against Brown-Mackie College in Akron, Ohio and Education Management LLC. Mr. King asserts this court's subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332.

*Relevant Facts*

Prompted by local radio and television advertisements, Mr. King decided to contact a representative at Brown-Mackie in August 2005 to pursue an application for enrollment at the college. He later visited the college's admissions office to inquire about its paralegal program. At that time he was advised that the college offered job placement assistance after graduation. Mr. King alleges that the advertisements and his conversation with the representative led him to sign an enrollment agreement with Brown-Mackie.

Mr. King enrolled at Brown-Mackie in September 2000. He completed his last class in August 2006, with a 3.13 grade point average on a 4.0 scale. He adds that his total tuition costs, in the amount of $8,592.00, were paid in full upon graduation.

At some point after completing the program at Brown-Mackie, Mr. King posted his resume on the college's web portal for potential employers to view. He also met with the college's career services placement coordinator to discuss job placement opportunities. Over the last several months, Mr. King states he has been in personal and electronic contact with the coordinator. During that time, the coordinator "has referred Plaintiff to only three potential employers, none of which were in the paralegal field." (Compl. at 2.)

*Analysis*

Mr. King alleges the defendants made false representations of material facts when they claimed that he would be offered job placement assistance "that offered meaningful results." (Compl. at 3.) Moreover, he claims that the defendants failed to fulfill their contractual obligation to him in accordance with Ohio Revised Code § 1345.02. Therefore, although he allegedly fulfilled his contractual obligations, the defendants breached their duty to him when they failed to present him with offers for job opportunities within his field of study.

Describing himself as a resident of Ohio, Mr. King states that Brown-Mackie is a "limited liability company organized and existing under the laws of the State of Delaware," which operates in Akron, Ohio. Defendant Education Management LLC is also a "limited liability company organized and existing under the laws of the State of Delaware," which is headquartered in Pittsburgh, Pennsylvania. Plaintiff alleges complete diversity exists between himself, Brown-Mackie and Education Management LLC. With regard to damages, he seeks reimbursement of his

2

tuition costs in the amount of $8,592.00, as well as $750,000 in future compensation (at a rate of $30,000 per annum for 25 years) and punitive damages totaling $10 million.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Diversity Jurisdiction*

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America., 511 U.S. 375, 377 (1994). Federal jurisdiction in this case is claimed pursuant to 28 U.S.C. § 1332, which requires complete diversity of the parties. See Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990). The relevant statute states, "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States" 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require complete

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

diversity of citizenship." Owens Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806))(emphasis added). The critical component of the statute regarding absolute diversity has survived every revision of the statute. As the Owens court noted:

> [D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. Over the years Congress has repeatedly reenacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.

Owens at 373.

This complaint lacks complete diversity. The Supreme Court has held that a limited partnership, for federal diversity purposes, does not have "citizenship" under the jurisdictional statute established for corporations. Carden, 494 U.S. at 197. Limited liability companies (LLC) resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir.2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir.2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir.2004); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir.2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998). This accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations. Carden, 494 U.S. at 189 (treating a limited

partnership as having the citizenship of all its members); <u>Great S. Fire Proof Hotel Co. v. Jones</u>, 177 U.S. 449, 456-57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members. <u>Strotek Corp. v. Air Transp. Ass'n of Am.</u>, 300 F.3d 1129, 1133 n. 2 (9th Cir.2002). Thus, the citizenship of an unincorporated association, at least for purposes of diversity jurisdiction, is the citizenship of each of its members. <u>Certain Interested Underwriters at Lloyd's, London v. Layne</u>, 26 F.3d 39, 41 (6th Cir.1994). The Sixth Circuit has held that where a limited partnership's members were citizens of Michigan and Washington, complete diversity was lacking because the plaintiff was also a citizen of Washington. <u>Id</u>.

Here, it is clear from the pleading that Brown-Mackie's principal place of business is Ohio and that at least one member of the company is a citizen of Ohio. Inasmuch as Mr. Knox shares an Ohio citizenship with the defendant complete diversity is lacking. Consequently, this court does not have subject matter jurisdiction over this action. Moreover, it is seriously doubtful that the complaint meets the $75,000.00 amount in controversy requirement for diversity cases. <u>Chrysler Corp. v. Fedders Corp</u>., 643 F.2d 1229, 1234 (6th Cir.), <u>cert</u>. <u>denied</u>, 454 U.S. 893 (1981)("failure to allege cognizable damages compels the dismissal of the complaint.")[2]

---

[2]Under Ohio law, "[a] claimant seeking to recover for breach of contract must show damage as a result of the breach. Damages are not awarded for a mere breach of contract; the amount of damages awarded must correspond to injuries resulting from the breach." <u>Textron Fin. Corp. v. Nationwide Mut. Ins</u>. Co.,115 Ohio App.3d 137, 684 N.E.2d 1261, 1266 (1996) (internal citations omitted). Moreover, the damages awarded "should place the injured party in as good a position as it would have been in but for the breach." <u>Id</u>. As a general rule, an injured party cannot recover damages for breach of contract beyond the amount that is established by the evidence with reasonable certainty, and generally, courts have required greater certainty in the
(continued...)

Accordingly, Mr. King's Request for Ruling on Application to Proceed <u>In Forma Pauperis</u> [Dkt.#3] is **granted**; however, his Request for Service [Dkt.#3] is denied as **moot**. This court finds that 28 U.S.C. §1332 is not a proper jurisdictional basis in this case and all claims premised on diversity jurisdiction must be **dismissed**. It is ordered that plaintiff's claims for relief be, and the same hereby are, dismissed without prejudice for lack of subject matter jurisdiction. An appeal from this dismissal could not be taken in good faith.[3]

       IT IS SO ORDERED.


Date: August 6, 2007                    S/John R. Adams
                                                              JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE

---

[2](...continued)
proof of damages for breach of contract than in tort." <u>Rhodes v. Rhodes Indus., Inc</u>., 71 Ohio App.3d 797, 808-809, 595 N.E.2d 441, 448 (1991).  The damages awarded for a breach of contract should place the injured party in as good a position as it would have been in but for the breach. Such compensatory damages, often termed "expectation damages," are limited to actual loss, which loss must be established with reasonable certainty. <u>Doner v. Snapp</u>, 98 Ohio App.3d 597, 601, 649 N.E.2d 42, 44 (1994).

[3] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."